**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 17-cr-399-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **JOSHUA ISMAEL LAMPKIN,**

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant's Emergency Motion for Compassionate Release Based on His COVID-19 Diagnosis. (ECF No. 65.) For the reasons explained below, the Court denies this motion.

## I. BACKGROUND

On April 12, 2019, Defendant Joshua Ismael Lampkin ("Lampkin") pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (*See* ECF No. 38.) On August 7, 2019, the Court sentenced him to 25 months' imprisonment, with thirteen months to be served concurrently with a Colorado state sentence Lampkin was already serving, and the remaining twelve months to be served consecutively to his state sentence. (ECF Nos. 58–59.)

Lampkin finished serving his state sentence on April 24, 2020, after which he was transferred to federal custody. (ECF No. 65 at 2.) The Bureau of Prisons is currently housing Lampkin in the Washington County Jail in Akron, Colorado. (*Id.*) He

is slated to be transferred to a federal penitentiary in Kentucky at an unknown date. (*Id.*)

Lampkin filed the motion currently at issue on June 9, 2020. As of that date, he had tested positive for COVID-19 and claimed to be experiencing "constant fever, coughing, and headaches, vision problems, exhaustion and breathing problems." (*Id.* at 9.) Lampkin was one among at least twenty Washington County Jail inmates that tested positive for COVID-19. (*Id.* at 11.) He claims that he is at particular risk for severe consequences due to an asthma diagnosis. (*Id.* at 11.)

In response, the Government submits medical records from the Washington County Jail purporting to show that Lampkin never had a fever and never complained of symptoms. (ECF No. 68-2.) The Government further argues that Lampkin is not a proper candidate for compassionate release. (ECF No. 68 at 4–9.)

In reply, Lampkin disputes the accuracy of the jail's medical records, and states that he "had to weather the storm with [his] symptoms for the days and weeks to come." (ECF No. 70 at 4.)

Lampkin asks that the Court resentence him to time served, "or alternatively to a sentence of home confinement." (ECF No. 65 at 1.)

## II. ANALYSIS

Lampkin invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the

2

> defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age [along with various other conditions not relevant here];
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

In short, to have Lampkin released from confinement immediately under this authority, the Court would need to re-sentence Lampkin to time served (*i.e.*, 15 months instead of 25 months). To merit such relief, Lampkin must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i). One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
>> (I) suffering from a serious physical or medical condition,

---

[1] The Government concedes that Lampkin is prevented from exhausting this remedy (and so should be excused from the exhaustion requirement) because he is not actually in BOP custody yet. (*See* ECF No. 68 at 2–3.)

3

> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).  The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]."  *Id.* cmt. 1(D).

Lampkin does not fall within either part of the policy statement.  To begin, Lampkin appears to have "weather[ed] the storm" already.  (ECF No. 70 at 4.)  The Court understands that the extent of post-recovery immunity from COVID-19 is still very much in question.  However, even if Lampkin contracts the virus again, he is not at a particularly high risk for a severe infection.  He is 32 years old, and his only relevant underlying health condition is asthma, with which he was diagnosed at age five and for which he has not used an inhaler "much" in adulthood.  (ECF No. 65 at 9.)  The Centers for Disease Control and Prevention ("CDC") currently lists "Asthma (moderate-to-severe)" as a condition that "might" place a person "at an increased risk for severe illness from COVID-19," in contrast to other conditions (*e.g.*, chronic obstructive pulmonary disease) which unequivocally place someone at increased risk.  CDC, "People of Any Age with Underlying Medical Conditions," *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated June 25, 2020).  Although Lampkin has asthma, he offers no details about

its severity, and certainly gives the Court no reason to believe that his condition is severe enough to place him at any true risk for a severe case of COVID-19.  *Cf. United States v. Flores*, 2020 WL 2907549, at *4 (S.D.N.Y. June 3, 2020) ("Mr. Flores's current rumination that his childhood asthma condition might relapse now that he is in his 30s, is far too slender a reed on which to predicate the extraordinary relief of release from his federal sentence one year early." (citations omitted)).

Accordingly, resentencing Lampkin to time served would not be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c).  The Court therefore need not evaluate whether reducing Lampkin's sentence to time served would be justifiable under the 18 U.S.C. § 3553(a) factors.

### III. CONCLUSION

For the reasons set forth above, Lampkin's Emergency Motion for Compassionate Release Based on His COVID-19 Diagnosis (ECF No. 65) is DENIED.

Dated this 16th day of July, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge